■ In the Matter of CAPITOL ENTERPRISES, INC., Appellant, against BOARD OF REGENTS OF THE UNIVERSITY OF THE STATE OF NEW YORK, Respondents.— In this article 78 proceeding to review the determination of the Regents sustaining the refusal of the Motion Picture Division of the State Department of Education to license the motion picture "Mom and Dad", the court has seen

the film. One sequence, to which the licensing division objected, portrays under restrained and controlled conditions, a human birth. The sequence is a biological demonstration, scientific in level and tone. Section 122 of the Education Law requires the division to license a film unless it is " obscene, indecent, immoral, inhuman, sacrilegious ". The license was refused here on the ground this sequence, which constitutes a small part of a long narrative film, is " indecent ". The prior restraint on the exhibition of motion pictures imposed by New York under this statute has been held to be invalid interference with the constitutional guaranty of freedom of speech and of the press in the refusal of the division to issue a license because a film was thought to be " sacrilegious " (*Joseph Burstyn, Inc., v. Wilson,* 343 U. S. 495), and in another case because the film was thought to be " immoral " (*Superior Films* v. *Department of Educ.* [*Commercial Pictures Corp.* v. *Regents of Univ. of State of New York*], 346 U. S. 587). The Supreme Court rendered a similar decision in 1955 in respect of the restraint of exhibition of a film which the Kansas Board had held to be " obscene " (*Holmby Productions* v. *Vaughn,* 350 U. S. 870). Without passing on the general effect of these decisions on the structure of the New York motion picture censorship law, we hold that this film is not " indecent ", in the sense required to justify prior restraint. If the words " obscene " or " indecent " can serve at all as constitutionally valid standards for prior restraint, the words must be given a narrow and restricted interpretation and, so interpreted, the words are clearly not applicable to the film before us. It is questionable whether any area is left open by the decisions of the Supreme Court for the exercise of prior restraint on motion pictures but, even if there is such an area, the State has the " heavy burden " of demonstrating that its statute is operative only in " an exceptional case " (343 U. S. 495, 504, *supra*). Treating this film as " indecent " and thus refusing it a license does not meet, in our view, the burden the State must meet to justify the exercise of prior restraint. Although the petition asserts that the film is not indecent, the petitioner in its brief in this court, in an effort to reach the ultimate constitutional issue, would stipulate that the film is worse than it is. We are not required to accept this concession for the purpose of reaching a constitutional issue not otherwise presented. In deciding this case, we exercise our own independent judgment as to the film and the validity of the refusal to license it. The determination of the Board of Regents is annulled and the matter remitted to the license division with a direction to license the film, with $50 costs to the petitioner. Foster, P. J., Bergan, Coon, Halpern and Zeller, JJ., concur.